IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED

05 APR 20 PM 2 5

ROBERT R. DI ⎯ CLIO
CLERK, U.S. DI⎯ CT.
W.D. OF TN, MEMPHIS

```
                                    X
ANTHONY EUGENE MILLER,              X
                                    X
           Plaintiff,               X
                                    X
vs.                                 X      No. 05-2082-B/P
                                    X
STATE OF TENNESSEE, et al.,         X
                                    X
           Defendants.              X
                                    X
```

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Anthony Eugene Miller, a resident of Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on February 1, 2005, along with an affidavit seeking leave to proceed in forma pauperis. Based on the information set forth in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as the State of Tennessee; the Equal Employment Opportunity Commission ("EEOC"), Memphis District Office; Arthur Morris, a Supervisor Investigator with the EEOC; EEOC Senior Investigator William Brown; EEOC Supervisory Investigator Audrey Bonner; and EEOC Acting District Director Katherine W. Kores.

The factual allegations of the complaint consist, in their entirety, of the following:

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 4 21 05

3

C/c [sic] Arthur Morris and William Brown violated my
Civil Rights of the Civil Right Act of 1964 and American
with Disabilities Act of 1990. I was not offer[ed] the
Highest Level of the Law at any time by either person,
Let alone Katherine W. Klores all Mr. Morris to violated
a Major Rule of EEOC about information that was not
suppose to be of my knowledge. Right to Suit Document
given to me have not been use in 7 yrs., which was found
out at time of Filing Suit from 5-27-02 to 4-29-04 I was
never offer the Highest Level of the Law, Being a
Disable[d] Veteran.

The prayer for relief provides:

I would like the Court to not allow Color Law to Protect
the State Agency and to be Compensation for EEOC/Memphis
District Office allowing American Commercial Barge Line
to Breech Settlement Agreement and allowing Company to
change Employee Benefit Policy that look like my
settlement Agreement and also allowing same company the
privledge [sic] to File Bankruptcy for Violation of Civil
Right Act and American With Disability Act of 1990.
Retailiation [sic] to Termination and Unemployment
Benefits.

Despite the representation in the complaint that the plaintiff has

filed no further lawsuits concerning these matters, the plaintiff

filed a complaint on July 29, 2004 pursuant to the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., against

American Commercial Barge Line LLC and several individuals. Miller

v. American Commercial Barge Line LLC, et al., No. 04-2582-B/An

(W.D. Tenn.), which was transferred to the Southern District of

Indiana on November 8, 2004. Immediately after the docketing of

that case in the Indiana Court, defendant American Commercial Barge

Line, through counsel, filed a notification that it had filed a

bankruptcy petition on January 31, 2003. On November 17, 2004, the

district judge dismissed the claims against the individual

defendants and ordered that service issue on American Commercial

Barge Line. The case was administratively closed on November 22, 2004 due to the bankruptcy stay. <u>Miller v. American Commercial Barge Line LLC, et al.</u>, No. 4:04-cv-223-SEB-WGH (S.D. Ind.).

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

As a preliminary matter, plaintiff's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and]  (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory.'" <u>Mitchell v. Community Care Fellowship</u>, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The allegations in this complaint wholly fail to satisfy the requirements of Rule 8(a)(1). The complaint is filed on the

form used for commencing actions pursuant to 42 U.S.C. § 1983, but
the body of the complaint asserts that defendants Morris and Brown
violated the plaintiff's rights under Title VII of the Civil Rights
Act of 1964, 42 U.S.C. § 2000e et seq., and the ADA. However, such
a construction seems unlikely, as the plaintiff was not employed by
any of the defendants. Moreover, the complaint does not assert that
the plaintiff was discriminated against on the basis of his race,
color, sex, national origin, or religion, as required to state a
Title VII claim.

        The complaint also does not satisfy the requirements of
Rule 8(a)(2). Even construing the complaint liberally and in light
of the plaintiff's previous lawsuit, which was assigned to this
judge, it is not clear what wrongful acts the defendants are
alleged to have committed. This judge is unaware of any defect in
the right to sue letter issued by the EEOC to this plaintiff, and
nothing in the proceedings in the Southern District of Indiana
suggests that any such defect was at issue. It also is unclear how
the defendants in this action are responsible for the bankruptcy
filing of American Commercial Barge, which preceded the plaintiff's
filing of his ADA complaint in this district by approximately
seventeen months, or for any changes in its employee benefits
policies. Finally, the EEOC has no role in decisions concerning
unemployment benefits, as the plaintiff seems to recognize by
filing a separate lawsuit against the state agency that made that
determination. Miller v. Indiana Dep't of Workforce Dev., et al.,
No. 05-2094-Ma/P (W.D. Tenn. filed Feb. 3, 2005).

4

The Court ordinarily would order the plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under these circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action concerning the same subject matter, so long as the new complaint is in compliance with the Federal Rules of Civil Procedure.

In order to preclude the commencement of meritless litigation, however, certain aspects of the plaintiff's complaint are not legally cognizable. First, the complaint contains no factual allegations concerning the State of Tennessee or defendant Bonner. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Second, in order to state a § 1983 claim, plaintiff must allege action under color of state law. West v. Atkins, 487 U.S. 42, 55-57 (1988). The EEOC, a federal agency that acts under color of federal law, cannot be sued under § 1983.

Third, even if the complaint were construed as brought pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), plaintiff's claim against the EEOC, a federal agency, is barred by sovereign immunity. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); Fagan v.

5

Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"). Applying these standards, the few courts that have been faced with the issue have dismissed claims against the EEOC. See Buck v. Industrial Comm'n, 51 Fed. Appx. 832, 836 (10th Cir. Nov. 13, 2002); Wolde-Giogis v. Symington, No. 99-15860, at *1 (9th Cir. May 22, 2000). Moreover, it would not be appropriate to construe the complaint as asserting a Bivens claim because the plaintiff has not alleged any violation of his federal constitutional rights. In contrast to § 1983, Bivens actions do not encompass claims that federal officials violated federal statutory law.

Fourth, the law is clear that "'Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge.'" Haddad v. Equal Employment Opportunity Comm'n, 111 Fed. Appx. 413, 415 (6th Cir. Sept. 17, 2004) (quoting McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir. 1984), cert. denied, 125 S. Ct. 1093 (2005); see also Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) ("no cause of action against the EEOC exists for challenges to its processing of a claim"; collecting cases).

Finally, the Court declines to construe the complaint as asserting any claims against the individual defendants pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671 et seq., because there is no indication from the face of the plaintiff's complaint that he has properly exhausted his claims as required by 28 U.S.C. § 2675.

For all the foregoing reasons, the Court DISMISSES the complaint, in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(1) & (2). The plaintiff's claims for money damages against the United States are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). In light of the dismissal of this action, the motion seeking appointment of counsel is DENIED.

The final issue to be addressed is whether the plaintiff should be allowed to appeal this decision in forma pauperis, should he choose to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must seek pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis,

along with a supporting affidavit, in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal <u>in forma pauperis</u> is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, he must pay the $255 appellate filing fee in full or file a motion to proceed <u>in forma pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 19ᵗʰ day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02082 was distributed by fax, mail, or direct printing on April 21, 2005 to the parties listed.

---

Anthony E. Miller
3090 Overbrook Rd.
Memphis, TN 38128

Honorable J. Breen
US DISTRICT COURT